**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| POLARIS IMAGES CORP., <br><br> Plaintiff, <br><br> v. <br><br> VALNET INC., <br><br> Defendant. | Case No: <br><br><br> DEMAND FOR JURY TRIAL |

## COMPLAINT

Plaintiff Polaris Images Corp. ("*Plaintiff*"), by and through its undersigned counsel, for its Complaint against defendant Valnet Inc. ("*Defendant*") states and alleges as follows:

## INTRODUCTION

1.      This action seeks to recover damages for copyright infringement under the Copyright Act, 17 U.S.C §101 *et seq*.

2.      Plaintiff owns the rights to photographs of JonBenet Ramsey (the "*Photographs*") which Plaintiff licenses for various uses including online and print publications.

3.      Defendant is a media company which owns and operates a website at domain screenrant.com.

4.      Defendant owns and operates a website at domain www.thethings.com (the websites referred to above are individually referred to as the "*Website*" and collectively referred to as the "*Websites*").

5.      Defendant, without permission or authorization from Plaintiff, actively copied and displayed the Photographs on the Websites and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

6.      Polaris Images Corp. is a New York corporation and maintains its principal place

1

of business in Sullivan County, New Hampshire.

7.    Upon information and belief, defendant Valnet Inc., (hereinafter referred to as "*Valnet*" or "*Defendant*") is a corporation incorporated in Saint-Laurent (QC) H4T 1Z2, Canada.

8.    Upon information and belief, Valnet is a sophisticated and successful online media publisher serving its readers by publishing, creating, and distributing content for its brands and audiences, worldwide through its website https://www.valnetinc.com.

9.    Upon information and belief, Valnet is the owner of at least fifteen influential brands, namely, theRichest (https://www.therichest.com/); ScreenRant (https://screenrant.com/); TheTalko (https://www.thetalko.com/); TheSportster (https://www.thesportster.com/); TheGamer (https://www.thegamer.com/); BabyGaga (https://www.babygaga.com/); CBR (https://www.cbr.com/); HotCars (https://www.hotcars.com/); TheThings (https://www.thethings.com/); TheTravel (https://www.thetravel.com/); TheQuiz (https://www.thequiz.com/); Collider (https://collider.com/); GameRant (https://gamerant.com/); How-to-Geek (https://www.howtogeek.com/); and Pocket-lint (https://www.pocket-lint.com/) (collectively the "*Brand Websites*") in a variety of different industries. A true and correct copy of a screenshot of Valnet's website showing the brands is attached hereto as Exhibit 3.

10.    Valnet uses its Brand Websites to publish, create, and distribute content for its brands and audiences.

11.    Valnet touts itself to be the world's leader in the content creation and distribution industry.

12.    Upon information and belief, Defendant's goal of reaching the worldwide community is evident in the advertising materials displayed on its website. As Defendant states, among other statistics, it receives over 16 million daily website visits, 72 million social media subscribers, 53 million video subscribers, and 53 billion lifetime views.

13.    Upon information and belief, Valnet owned and operated the Websites at all times relevant to this dispute.

14.    Defendant is a sophisticated publisher that is well aware of the value of intellectual

property including copyrights as well as the legal implications of copyright infringement.

15.     The Websites have specific forms to contact the legal department with any queries.

16.     The Websites and Brand Websites have detailed "Terms of Use" that discuss intellectual property rights, prohibit illegal use, etc. Further, the Websites and Brand Websites have a separate section on copyright with detailed discussions on the "Digital Millennium Copyright Act Policy, Notice and Takedown Procedure."

17.     Upon information and belief, Defendant has violated federal law by willfully infringing Plaintiff's copyrights to at least the photographs identified herein. Specifically, Defendant reproduced, distributed, and publicly displayed the photographs, and derivatives thereof, on the Websites without permission, consent, or license.

18.     Defendant is therefore liable and responsible to Plaintiff based on the facts herein alleged.

### JURISDICTION AND VENUE

19.     This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

20.     Defendant is subject to the general and specific personal jurisdiction of this Court because of its extensive contacts with the State of New York. More specifically, upon information and belief, a number of Defendant's content creators reside and work in New York, create content for Defendant's Websites, and certain of these content creators specifically infringed works that are at issue in this lawsuit. Further, Defendant has consistently agreed that it is subject to personal jurisdiction in New York.

21.     Venue is proper in this District under 28 U.S.C. §1391(b) and (c) and 28 U.S.C. §1400(a) in that the claim arises in this Judicial District, and, on information and belief, Defendant and its agents reside and may be found in this Judicial District.

### FACTS COMMON TO ALL CLAIMS

A.     **Plaintiff's Copyright Ownership**

22.     Plaintiff is a professional photograph licensing company which is the legal and

rightful owner of certain photographs which Plaintiff commercially licenses.

23.     Plaintiff has invested significant time and money in building Plaintiff's photograph portfolio.

24.     Plaintiff's photographs are original, creative works in which Plaintiff owns protectable copyright interests.

25.     On January 20, 1997, Randall Simons ("*Simons*") published a photograph of JonBenet Ramsey posing in front of green background with a flower crown ("*Photograph 1*"). A copy of Photograph 1 is attached hereto collectively as Exhibit 1.

26.     On July 11, 2018, Photograph 1 was registered by the USCO under Registration No. VA 2-110-452.

27.     On January 1, 1997, Simons published a photograph of JonBenet Ramsey posing in a cowboy hat in front of blue background ("*Photograph 2*"). A copy of Photograph 2 is attached hereto collectively as Exhibit 1.

28.     On July 11, 2018, Photograph 2 was registered by the USCO under Registration No. VA 2-110-452.

29.     All of the individual photographs herein listed above are referred to throughout the balance of this Complaint as the "*Photographs*".

30.     In creating the Photographs, Simons personally selected the subject matters, timing, lighting, angles, perspectives, depths, lens and camera equipment used to capture the images.

31.     On or about June 21, 2018, Simons entered into an exclusive distribution agreement regarding the Photographs with the Plaintiff.

32.     Plaintiff obtained the Photographs with the intention of them being used commercially and for the purpose of display and/or public distribution.

33.     Plaintiff published the Photographs by commercially licensing them to third party media companies for the purpose of display and/or public distribution.

B.     **Defendant's Infringing Activity**

34.     Defendant is the registered owner of the Websites and is responsible for their

4

content.

35.     Defendant is the operator of the Websites and is responsible for their content.

36.     The Websites are a key component of Defendant's popular and lucrative commercial enterprise.

37.     The Websites are monetized in that they contain paid advertisements and, upon information and belief, Defendant profits from these activities.

38.      On or about January 21, 2022, Defendant displayed Photograph 1 on the Website as part of an on-line story at URL: https://www.thethings.com/jon-benet-ramsey-murder-katy-perry-conspiracy/ ("*Infringement 1*"). A copy of a screengrab of the Website including Photograph 1 is attached hereto collectively as <u>Exhibit 2</u>.

39.     The            Photograph            was            stored            at            URL: https://static0.thethingsimages.com/wordpress/wp-content/uploads/2022/01/JonBenet-Ramsey.jpg?q=50&fit=contain&w=1140&h=&dpr=1.5.

40.     Without permission or authorization from Plaintiff, Defendant volitionally copied and displayed Plaintiff's copyright protected Photograph 1 on the Website.

41.     Plaintiff first observed and actually discovered Infringement 1 on April 8, 2023.

42.     On or about February 10, 2022, Defendant displayed Photograph 2 on the Website as part of an on-line story at URL: https://screenrant.com/csi-episodes-inspired-real-life-crimes/ ("*Infringement 2*"). A copy of a screengrab of the Website including Photograph 2 is attached hereto collectively as <u>Exhibit 2</u>.

43.     The Photograph was stored at URL: https://static1.srcdn.com/wordpress/wp-content/uploads/2022/02/CSI-and-True-Crimes.jpg?q=50&fit=contain&w=1500&h=&dpr=1.5.

44.     Without permission or authorization from Plaintiff, Defendant volitionally copied and displayed Plaintiff's copyright protected Photograph 2 on the Website.

45.     Plaintiff first observed and actually discovered Infringement 2 on October 8, 2022.

46.     Upon information and belief, each of Plaintiff's Photographs were copied and displayed by Defendant without license or permission, thereby infringing on Plaintiff's copyrights

in and to the Photographs (hereinafter all of the unauthorized uses set forth above are referred to as the "*Infringements*").

47.     The Infringements each include a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than a transitory duration and therefore constitutes a specific infringement. *17 U.S.C. §106(5).*

48.     The Infringements are exact copies of Plaintiff's original images that were directly copied and displayed by Defendant on the Websites.

49.     Upon information and belief, Defendant takes an active and pervasive role in the content posted on its Websites, including, but not limited to copying, posting, selecting, commenting on and/or displaying images including but not limited to Plaintiff's Photographs.

50.     On information and belief, Defendant directly contributes to the content posted on the Websites by, *inter alia*, directly employing or soliciting content creators, reporters, authors, and editors as its agents (the "*Agents*").

51.     On information and belief, at all material times the Agents were acting within the course and scope of their employment when they posted the Infringements.

52.     On information and belief, at all material times the Agents were acting within the course and scope of their agency when they posted the Infringements.

53.     Upon information and belief, the Photographs were willfully and volitionally posted to the Websites by Defendant.

54.     Upon information and belief, the Infringements were not posted at the direction of a "user", as that term is defined in 17 U.S.C. §512(c).

55.     Upon information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringements was apparent. Defendant cannot claim that it was not aware of the infringing activities, including the specific Infringements which form the basis of this complaint, since such a claim would amount to only willful blindness to the Infringements on the part of Defendant.

56.     Upon information and belief, Defendant engaged in the Infringements knowingly and in violation of applicable United States copyright laws.

57.     Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Websites and exercised and/or had the right and ability to exercise such right.

58.     Upon information and belief, Defendant monitors the content on its Websites.

59.     Prior to commencement of this action, the parties attempted to resolve this dispute but were unable to reach a settlement.

60.     In March 2023, Plaintiff notified Valnet of its unauthorized use of Plaintiff's Photographs which are the subject of this action.

61.     While Valnet removed the infringing articles relating to the Photograph 2 during the course of the pre-litigation settlement discussions, Valnet's willful and ongoing infringing behavior is highlighted by the notice of its unlawful conduct not just from Plaintiff in this matter, but also from other copyright holders who have sued Valnet at least a dozen other times for copyright infringement.

62.     Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringements.

63.     Upon information and belief, the Infringements increased traffic to the Websites and, in turn, caused Defendant to realize an increase in its revenues.

64.     Upon information and belief, a large number of people have viewed the unlawful copies of the Photographs on the Websites.

65.     Upon information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted materials.

66.     Plaintiff obtained exclusive rights to the Photographs with the intention of them being used commercially and for the purpose of display and/or public distribution.

67.     Defendant's use of the Photographs harmed the actual market for the Photographs.

68.     Defendant's use of the Photographs, if widespread, would harm Plaintiff's potential

market for the Photographs.

69.    As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT
### (Direct Copyright Infringements, 17 U.S.C. §501 et seq.)

70.    Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

71.    The Photographs are each original, creative works in which Plaintiff owns valid copyrights.

72.    The Photographs are properly registered with the USCO and comply with all statutory formalities under the Copyright Act and under regulations published by the USCO.

73.    Plaintiff has not granted Defendant a license or the right to use the Photographs in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyright to Defendant.

74.    Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed the Photographs thereby violating one of Plaintiff's exclusive rights in its copyrights.

75.    Defendant's reproduction of the Photographs and display of the Photographs constitutes willful copyright Infringements.

76.    On information and belief, Defendant willfully infringed upon Plaintiff's Photographs in violation of Title 17 of the U.S. Code, in that Defendant used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Photographs without Plaintiff's consent or authority, by using them on the Websites.

77.    As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the Infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each of the Infringements

pursuant to 17 U.S.C. § 504(c).

78.     As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

79.     As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringements of its copyrights pursuant to 17 U.S.C. § 502.

## SECOND COUNT
### (Vicarious Copyright Infringements)

80.     Plaintiff repeats and incorporates, as though fully set forth herein, each and every allegation contained in the preceding paragraphs, as though set forth in full herein.

81.     On information and belief, at all material times hereto, Defendant had the right and ability to supervise and/or control the infringing conduct of its employees, agents, members, and/or customers, and declined to exercise the right and ability to supervise or control that infringing conduct, despite its legal right to stop or limit the directly infringing conduct as well as the practicable ability to do so.

82.     For example, on information and belief, Defendant had the practical ability to police the images on the Website when its Agents edited, modified, and/or interacted with the Photographs, and therefore had the right and ability to supervise and control the Infringements.

83.     Despite receiving notice from Plaintiff and other third parties of its unlawful conduct, as a direct and proximate result of such refusal to exercise its right to stop or limit the infringing conduct, Defendant's Agents have infringed upon Plaintiff's Photographs, which in turn generates profits for Defendant directly from the use of the Infringements.

84.     Defendant enjoyed a direct financial benefit from the Infringements of its employees, agents, and members from, *inter alia*, advertising revenue from the increased traffic to its Websites.

85.     On information and belief, Defendant enjoyed a directed financial benefit from

using the appeal or "draw" of Plaintiff's Photographs to increase user traffic to the Website, thereby increasing advertising revenue.

86.    Accordingly, Defendant is liable as a vicarious infringer since it profited from direct infringements while declining to exercise a right to stop or limit it.

87.    On information and belief, Defendant willfully vicariously infringed upon Plaintiff's copyrighted Photographs in violation of Title 17 of the U.S. Code.

88.    As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the Infringements as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against each Defendant for each work infringed pursuant to 17 U.S.C. § 504(c).

89.    As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may award Plaintiff the recovery of its reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505.

90.    As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringements of its copyrights pursuant to 17 U.S.C. § 502.

## JURY DEMAND

91.    Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Photographs in violation of 17 U.S.C. §501 *et seq.* and therefore award damages and monetary relief as follows:

a.    finding that Defendant infringed Plaintiff's copyright interest in and to the Photographs by copying and displaying them without a license or consent;

b.    for an award of actual damages and disgorgement of all of Defendant's

profits attributable to the Infringements as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

c.      for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

d.      for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

e.      for pre-judgment interest as permitted by law; and

f.      for any other relief the Court deems just and proper.

DATED: January 9, 2024

**SANDERS LAW GROUP**

By:  *  /s/ Renee J. Aragona  *
Renee J. Aragona, Esq.
Craig Sanders, Esq.
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: raragona@sanderslaw.group
Email: csanders@sanderslaw.group
File No.: 128811

*Attorneys for Plaintiff*